MONTGOMERY *v.* THE STATE.

ATKINSON, J. 1. Neither the evidence nor the statement of the accused involved any question of fact which required a charge submitting to the jury whether the accused acted in defense of her habitation against one who manifestly intended or endeavored by violence or surprise to commit a felony thereon, or in defense of her habitation against any persons who manifestly intended or endeavored, in a riotous and tumultuous manner, to enter the habitation of another for the purpose of as-

saulting or offering personal violence to any person dwelling or being therein, under the provisions of the Penal Code (1910), § 70.

2. Nor did either the evidence or the statement of the defendant require.the court to give in charge to the jury section 72 of the Penal Code, which provides that if, after persuasion, remonstrance, or other gentle measures used, a forcible attack and invasion on the property or habitation of another can not be prevented, it shall be justifiable homicide to kill the person so forcibly attacking or invading the property or habitation of another; but it must appear that such killing was absolutely necessary to prevent such attack and invasion, and that a serious injury was intended or might accrue to the person, property, or family of the person killing.

(a) Accordingly, the grounds of the motion for a new trial which complain of the omission to charge in regard to the defense of habitation, as stated in those sections, and of the refusal of the requests to charge on that subject, were not meritorious.

3. While certain expressions used by the presiding judge in charging on the subject of voluntary manslaughter, when taken alone, might have been subject to criticism, yet, when they are considered in connection with the entire charge and in view of the evidence, they furnish no cause for a new trial.

4. The verdict was supported by the evidence, and none of the grounds of the motion for a new trial furnish any cause for reversal.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
DECEMBER 15, 1914.

Indictment for murder. Before Judge Littlejohn. Lee superior court. July 3, 1914.

*W. G. Martin* and *J. B. Hoyl,* for plaintiff in error.

*Warren Grice, attorney-general,* and *J. R. Williams, solicitor-general,* contra.